**OFFICE OF PROSECUTING ATTORNEY**
**VAL SIEGEL,** Prosecuting Attorney
**KEISHA L. OXENDINE**, Deputy Prosecuting Attorney
700 Bank Street, Suite 200
Wallace, Idaho   83873
Phone: (208) 752-1106
Fax:(208) 753-8351

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| E.B. WEISS,<br>　　　　　　　Plaintiff,<br>　　v.s.<br>SHOSHONE COUNTY CLERK AND RECORDER,<br>　　　　　　　Defendant. | CASE No. CV-08-430-N-BLW<br><br>MOTION TO DISMISS |

COMES NOW, Keisha L. Oxendine, Deputy Prosecuting Attorney, on behalf of Defendants, Shoshone County, Shoshone County Clerk and Shoshone County Recorder, and hereby submits its Motion for Dismissal of the above-entitled action.

This motion is made and based upon the following:

I.

<u>IMPROPER DEFENDANT</u>

This action filed by E.B. Weiss, Pro Se, pursuant to a sworn complaint seeks to quiet title to that certain land referred in the Complaint as the Kismet Mining Claims. Shoshone County, its clerk and recorder, either individually or in their official capacity do not currently have an ownership interest in that property. This is supported by the Affidavits of Marilyn Hinsz, Peggy White, and Janice Shiner, marked as Exhibits A-C, attached hereto and incorporated herewith as if fully set forth herein.

An action for quiet title seeks to litigate disputed claims for interests in property among

the parties who claim an interest in said property. Black's Law Dictionary, Bryan A. Garner ed., 2004. In this case, E.B. Weiss has sought to quiet title against the Shoshone County Clerk and Shoshone County Recorder for interests he claims in property referred to as the Kismet Mining Claims.

Shoshone County, State of Idaho, and the Shoshone County Clerk and Shoshone County Recorder, do not have an ownership interest in the property known as Kismet Mining Claims. The Plaintiff was informed of this fact prior to initiating litigation against Shoshone County, which is shown by Exhibit "D" attached hereto and incorporated herewith as if fully set forth herein. As a result, this action should be dismissed as Shoshone County et.al is an improper defendant in this action.

II.

FAILURE TO JOIN A NECESSARY AND INDISPENSABLE PARTY

The Plaintiff herein has failed to join the necessary and indispensable party to this action, the United States of America, United States Forest Service. Pursuant to the files and records of Shoshone County, State of Idaho, the United States Forest Service holds an interest in the property which is the subject of this action, Kismet Mining Claims.

The Federal Rules of Civil Procedure require a party to be joined where in that person's absence, the court cannot accord complete relief among existing parties, or that person claims an interest relating to the subject of the action and is so situated that disposing in the person's absence may:  (i) impair or impede the person's ability to protect the interest or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interests. Fed. R. Civ. P. 19(a)(1). Real property interests in which the United States holds an interest are governed by the Quiet Title Act. 28 U.S.C.A. § 2409A. The

purpose of the act is to determine which named party has superior claim to a certain piece of property. *Friends of Panamint Valley v. Kempthorne,* E.D. Cal.2007, 499 F.Supp.2d 1165. This Act is the exclusive means by which an adverse claimant may challenge ownership in the property. *Cheyenne Arapaho Tribes of Oklahoma v. U.S.,* C.A.D.C. 2009, 558 F.3d 592, 385 U.S.App.D.C. 76, *Montara Water and Sanitary Dist. v. County of San Mateo, N.D.Cal.2009, 598 F.Supp.2d 1070.*

In this case, the Plaintiff seeks to quiet title against Shoshone County, by and through the Shoshone County Clerk and Recorder, with respect to property and interests in land referred to in the Plaintiff's complaint as the Kismet Mining Claims. Said mineral rights and interests as well as real property interests are currently held in the United States of America by and through the United States Forest Service. As a result, the Plaintiff has failed to join a required necessary and indispensable party in this action. Further, the Plaintiff has improperly joined Shoshone County, a party who claims no ownership interest in the mineral rights and real property interests concerning the property in dispute.

Further, the Court cannot afford complete relief among the parties herein as the Plaintiff has named an improper Defendant in this action. Failure to litigate this matter between the Plaintiff and the United States of America by and through the United States Forest Service or other government entity who claims an interest in the subject property with impair the United States' ability to properly defend any real property or mineral rights interest in the subject property. In addition, the failure to litigation this action with the appropriate Defendant will fail to afford the Plaintiff complete relief as requested in his Complaint for Quiet Title.

Shoshone County claims no ownership interest in the subject property and should be dismissed from this action. The Plaintiff should be required to take the appropriate measures to

seek quiet title against the proper defendants claiming an ownership or any ownership interest in the real property or mineral rights associated with the subject property.

III.

CONCLUSION

In conclusion, this action should be dismissed against Shoshone County, State of Idaho i.e. Shoshone County Clerk and Shoshone County Recorder, as the appropriate defendant in any quiet title action pertaining to the Kismet Mining Claims is the United States of America, United States Forest Service, or other defendants claiming an ownership interest in the subject property. Shoshone County, State of Idaho, should be awarded reasonable attorneys fees and costs incurred in this action.

Further, it is hereby requested that this Motion be scheduled for hearing at a time convenient to the court for testimony and oral argument if deemed necessary by the court.

DATED this _19__ day of July, 2010.

/s/ Keisha L. Oxendine_____
KEISHA L. OXENDINE
Co-counsel for Defendants

CERTIFICATE OF DELIVERY

I hereby certify that a true and correct copy of the foregoing was forwarded by Certified Mail, Return Receipt Requested, on the 19 day of __July__, 2010, to the following:

E.B. WEISS
Pro Se Plaintiff
P.O. Box 286
Frenchtown, MT 59834


   /s Michelle Sampont_____

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| E.B. WEISS, | No. CV-08-430-N-BLW |
| Plaintiff, | AFFIDAVIT OF |
| v.s. | MARILYN HINSZ |
| SHOSHONE COUNTY CLERK AND RECORDER, | |
| Defendant. | |

Marilyn Hinsz, being first duly sworn upon oath, does depose and say:

1. That I am eighteen (18) years of age or older and competent to swear herein;

2. That I am the deputy assessor for the County of Shoshone, State of Idaho;

3. That I have examined the records and files herein pertaining to the Kismet mining claims and exhibits filed as part of the Plaintiff's complaint;

4. That based upon my research and review as the Deputy Assessor for the County of Shoshone, State of Idaho, Shoshone County as a political subdivision of the State of Idaho has no ownership interest in the subject property;

5. That based upon my research and review as the Deputy Assessor for the County of Shoshone, State of Idaho, any ownership interest in the subject property is held in the United States Forest Service, not Shoshone County, State of Idaho.

Further your Affiant sayeth naught.

Dated this 1st day of ~~June,~~ July 2010

_____
MARILYN HINSZ, Deputy Assessor

EXHIBIT A

SUBSCRIBED AND SWORN to before me this 10 day of July, 2010.

*Janice K. Perry*
Notary Public for Idaho
Residing at: Osburn, Id 83849
My Commission Expires: 5/13/15

[Notary Stamp: JANICE K. PERRY, NOTARY PUBLIC, STATE OF IDAHO]

2.  **AFFIDAVIT OF MARILYN HINSZ**

:07:01:10

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| E.B. WEISS, | No. CV-08-430-N-BLW |
| Plaintiff, | AFFIDAVIT OF |
| v.s. | PEGGY WHITE |
| SHOSHONE COUNTY CLERK AND RECORDER, | |
| Defendant. | |

Peggy White, being first duly sworn upon oath, does depose and say:

1. That I am eighteen (18) years of age or older and competent to swear herein;

2. That I am the Clerk for the County of Shoshone, State of Idaho;

3. That I have examined the records and files herein pertaining to the Kismet mining claims and exhibits filed as part of the Plaintiff's complaint;

4. That pursuant to Idaho Code I am an elected official charged to serve as the ex-officio auditor and recorder for the County of Shoshone, State of Idaho;

5. That as the Shoshone County Clerk of Court, I have no ownership interest in the subject property either individually or in my capacity as the clerk.

Further your Affiant sayeth naught.

Dated this 1st day of ~~June~~ July, 2010.

_Peggy White_
PEGGY WHITE, Clerk of Court
Shoshone County


EXHIBIT B

SUBSCRIBED AND SWORN to before me this 10th day of July, 2010.

*Janice K. Perry*
Notary Public for Idaho
Residing at: Ashton, Id 83849
My Commission Expires: 5/13/15

[Seal: JANICE K. PERRY, NOTARY PUBLIC, STATE OF IDAHO]

2.   AFFIDAVIT OF PEGGY WHITE

:07:01:10

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| E.B. WEISS, | No. CV-08-430-N-BLW |
| Plaintiff, | AFFIDAVIT OF JANICE SHINER |
| v.s. | |
| SHOSHONE COUNTY CLERK AND RECORDER, | |
| Defendant. | |

Janice Shiner, being first duly sworn upon oath, does depose and say:

1. That I am eighteen (18) years of age or older and competent to swear herein;

2. That I am the Deputy Recorder for the County of Shoshone, State of Idaho;

3. That I have examined the records and files herein pertaining to the Kismet mining claims and exhibits filed as part of the Plaintiff's complaint as well as the records of Shoshone County, State of Idaho related to the Kismet Mining Claims;

4. That pursuant to my duties as a deputy recorder, I receive documents from individuals and/or corporations, and ensure recording in the records of Shoshone County, State of Idaho, where appropriate and proper;

5. That as the Deputy Recorder for Shoshone County, I have no ownership interest in the subject property either individually or in my capacity as the deputy recorder.

6. That pursuant to my review of the records of Shoshone County, State of Idaho, Shoshone County has no ownership interest in the subject property.



7.  That the United States Forest Service may have an ownership interest in the subject property, and is the necessary and proper defendant in this action.

Further your Affiant sayeth naught.

Dated this _____ day of July, 2010.

                                          JANICE SHINER, Deputy Recorder
                                          Shoshone County

SUBSCRIBED AND SWORN to before me this _/2_ day of July, 2010.

JANICE K. PERRY
NOTARY PUBLIC
STATE OF IDAHO

Notary Public for Idaho
Residing at: _Osburn, Id 83849_
My Commission Expires: _5/13/15_

2. **AFFIDAVIT OF JANICE SHINER**

:07:01:10



MICHAEL F. PEACOCK
Shoshone County Prosecuting Attorney
700 Bank St., Suite 200
Wallace, ID 83837
208-752-1106

November 6, 2008

TO:         E. B. Weiss

FROM:    Michael F. Peacock

RE:         Quiet Title Action

The county Clerk asked me to review your letter of Cot, 21, 2008. I have done so and concluded that Shoshone County is not an appropriate Defendant in your quiet title action.

An action to quite title is designed to decide rights between parties claiming conflicting interests in the same property. Shoshone County claims no ownership interest in the property you are dealing with. Shoshone county only retains the power to tax patented claims regardless of who owns the property. This won't be changed by a quiet title action.

For these reasons making Shoshone County a defendant makes no sense. It appears that you need to find out if someone claims an interest adverse to yours and make them the defendant.


pc: Peggy White



EXHIBIT D